**FILED**

NOV 14 2007

Clerk, U.S. District
Bankruptcy Courts

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 0 7 - 3 1 3 |
| | ) | |
| v. | ) | |
| | ) | |
| JORGE ESTEBAN PATINO, | ) | **FILED UNDER SEAL** |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT AND ARREST WARRANT

The United States, by and through the undersigned attorney, respectfully moves this Court for an order directing that the Indictment returned in the above-captioned case, the arrest warrant, this motion and the Court's order thereon be placed under seal until further order of the Court and delaying entry on the public docket of the filing of such Indictment and this motion to seal.

Courts have inherent power to control access to papers filed with the Courts. Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). Courts have traditionally been "highly deferential to the government's determination that a given investigation requires secrecy and that warrant materials be kept under seal." Times Mirror Co. v. United States, 873 F.2d 1210 (9th Cir. 1989). Therefore, courts have routinely granted government requests to seal warrant materials where there is a need for secrecy. See Washington Post v. Robinson, 935 F.2d 282, 289, n.10 (D.C. Cir. 1991).

The Indictment in this case is the result of a significant heroin seizure at Ernesto Cortissoz International Airport, in Barranquilla, Colombia. The defendant in this case is charged with attempting to import approximately six kilograms of heroin into the United States from Colombia. The investigation is ongoing as special agents from the Drug Enforcement Administration (DEA)

are continuing to work with their counterparts in Colombia to determine the source(s) of supply and the intended recipient(s) of the heroin once it were to arrive in the United States. Thus, the confidentiality of the investigation, as well as the safety of domestic and foreign law enforcement officers who are participating in the investigation, could be compromised by the premature release of the Indictment and related documents.

The United States further moves to seal the Indictment and related documents because the defendant is an individual with dual citizenship residing abroad, and disclosure of the Indictment would hinder law enforcement in apprehending him. Moreover, the United States needs an opportunity to assure the confidentiality and safety of its witnesses in foreign countries.

To aid in their apprehension, however, and as a matter of diplomatic comity, the United States needs to notify the appropriate foreign officials of the existence of the Indictment and arrest warrant. Accordingly, the United States respectfully requests that it be permitted to inform the proper foreign authorities where the defendant may be found or expected, of the Indictment and the arrest warrant, and to provide the appropriate authorities where the defendant may be found or expected, with copies of same.

**WHEREFORE**, for the foregoing reasons, the United States respectfully moves to seal the Indictment in the above-captioned proceeding, the arrest warrant, this motion and the Court's order thereon, to disclose the Indictment and arrest warrant to persons necessary to effect the arrest and/or extradition of the defendant, and to delay entry on the public docket of the filing of the Indictment, arrest warrant, and this motion to seal until further order of the Court.

Respectfully submitted,

By:    Donnell W. Turner
Trial Attorney
Narcotic and Dangerous Drug Section
United States Department of Justice
Criminal Division
Washington, D.C.  20005
(202) 307-5977
Donnell.Turner@usdoj.gov